## FRANK P. ZIMM

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 27, 1884.*

1. EVIDENCE—*declarations of a third person in hearing of defendant.* On the trial of a policeman for an assault and battery, it appeared that the defendant had arrested a boy, without warrant, for jumping upon a passing freight train of cars, and that the boy's brother having heard of the arrest, with a third person came up at a rapid gait to the officer, when an altercation between the three ensued, the third person acting in concert with the older brother, during which the officer struck the latter with a "billy," which was the battery complained of. A witness who was present at the time of the difficulty, was asked, "What, if anything, did such other person say to the older brother in the presence and hearing of the officer, at that time?" which the court refused to allow the witness to answer: *Held,* that the court erred in not allowing the witness to answer the question.

2. ERROR WILL NOT ALWAYS REVERSE—*as to excluding evidence, and in instructions.* A refusal to allow a witness present at an assault and battery, to testify what a person acting in concert with the party assaulted said to the latter in the hearing of the defendant before the assault, although an error, is no ground for reversing a judgment of conviction, when it appears that the defendant was allowed to testify fully as to what was said and done by such person, and that his statements could not have changed the result. Nor is error in instructions a ground of reversal, if it appears that the result of the trial would have been the same if the instructions had been free from error.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Greene county; the Hon. GEO. W. HERDMAN, Judge, presiding.

Messrs. PATTERSON & STARKEY, and Messrs. WITHERS & HENSHAW, for the plaintiff in error:

Zimm was clearly in the discharge of his duty, and lawfully had Thomas Hyndman in his custody for a violation of section 65, chapter 114, of the Revised Statutes.

The court clearly erred in refusing to allow the language of Scott to Hyndman, at the moment the blow was struck, to

4—111 ILL.

go to the jury. All that was then said and done was a part of the *res gestæ*, and should have been permitted. The court refused to allow. a specific question to the witness Barry, and if there was no other error in this case, we insist that this alone is sufficient to reverse the unjust judgment against Zimm. The language of Scott, under the circumstances, is so manifestly a part of the *res gestæ*, that we do not deem it necessary to present any authorities upon that point.

It was wholly irrelevant to any issue of the case that the defendant, three or four days after the transaction, said "he was not sorry," etc., and the court erred in calling attention to this part of the evidence in the eleventh instruction given for the People. *Harris* v. *Miner*, 28 Ill. 135; *Coughlin* v. *The People,* 18 id. 266.

Substantially defective instructions of an important character are not cured by others that do state the correct rule of law. *Railroad Co.* v. *Harwood*, 80 Ill. 88; *Camp Point Manf. Co.* v. *Ballou,* 71 id. 417; *Baldwin* v. *Killian,* 63 id. 550.

Where instructions cross one another upon a vital point, a good one will not cure an erroneous one. · (*Railroad Co.* v. *Larmon*, 67 Ill. 69.) The jury should be aided and not misled by the instructions.

Mr. D. F. KING, for the People:

Scott and Hyndman being then standing and talking, and neither advancing nor making any demonstrations towards Zimm, it was immaterial what Scott was saying to William Hyndman at the time Zimm struck the latter.

If the whole record shows that substantial justice has been done and no prejudice has resulted by reason of an erroneous instruction, and that the law of the case has been fully given, this court will not reverse. *Kelley* v. *The People,* 40 Ill. 488; *Burling, Admx.* v. *Railroad Co.* 85 id. 18; *Taylor* v. *Railroad Co.* 10 Bradw. 311; *Warren* v. *Dickson,* 27 Ill. 115; *Howard Fire and Marine Ins. Co.* v. *Carnick,* 24 id. 455.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This appeal brings before us for review a judgment of the Appellate Court for the Third District, affirming a conviction in the circuit court of Greene county, of Frank P. Zimm, for an alleged assault and battery upon William Hyndman. The cause was first tried before a justice of the peace, resulting in the defendant's conviction, the magistrate fixing the fine at ten dollars. On appeal by the defendant to the circuit court, the cause was there tried *de novo*, resulting the same way, except that the jury fixed the fine at twenty dollars instead of ten dollars, and the circuit court rendered final judgment on the verdict for that amount, which, as already stated, was affirmed by the Appellate Court.

The facts are in substance these: On the 19th of May, 1883, the defendant, being a special policeman appointed by the mayor of the city of Roodhouse, arrested, without warrant, Thomas Hyndman, a boy about seventeen years of age, (a brother of the said William Hyndman,) for having jumped and rode for a short distance on a passing freight train belonging to the Chicago and Alton Railroad Company. His brother, William, hearing of the arrest, came up at rather a rapid gait, in company with one Scott, to where the officer was, when an altercation occurred between them, in which Scott participated. As to what actually did take place the evidence is quite conflicting. The fact, however, is undisputed, that during the altercation the defendant first drew a revolver upon William, but afterwards put that up and drew from his pocket a "billy," with which he struck him on the head, inflicting a wound from which the blood, for the time being, flowed quite freely, though it turned out to be not very serious,—and it was for this assault with the "billy," the defendant was convicted.

With respect to controverted questions of fact three courts have found adversely to the plaintiff in error, and we have

no disposition, even if we had the power, to disturb the findings of those courts, for we think they are fully warranted by the evidence.

With respect to the errors of law relied on for a reversal, little need be said. The first point made in the brief of the plaintiff in error relates to the ruling of the circuit court upon a question of evidence. Witness Barry, having testified to the circumstances attending the assault, which, as related by him, showed that Scott was acting in concert with Hyndman, was asked this question: "What, if anything, did Frank Scott say to Mr. Hyndman, in the presence and hearing of Zimm, at that time?"—which question the court, on objection by the People, held improper, and refused to permit the witness to answer it. We are of opinion the court erred in not allowing the witness to answer this question, yet we do not regard the error, under the circumstances of the case, of so serious a character as to require a reversal of the judgment. The defendant testified on his own behalf, and gave what purports to be a full account of the whole affair, setting forth particularly what Scott did and said, and we must assume the account which he gave of Scott's connection with the transaction is fully as favorable to himself as the real facts would warrant, and we fail to discover anything in the statements attributed to Scott on the occasion, which, in our judgment, could possibly have changed the result, conceding them to have been made and established before the jury by any number of witnesses,—consequently the defendant could not have been prejudiced by the error in question.

Several objections of a technical character are made to the instructions on behalf of the People. Without stopping to discuss them, it may be said, in general terms, conceding all the objections to be well founded, we do not regard any of the errors pointed out, of so serious a character as to require a reversal. We have no doubt but that the result would have been the same had the instructions in question been

entirely free from the objections urged against them. Being of this opinion, we certainly would not be warranted in reversing on the grounds suggested.

The judgment will be affirmed.

*Judgment affirmed.*